CASE 42—MOTION TO QUASH FEE BILLS—JANUARY 24.

# Boyd, &c., vs. Harper.

# Harper vs. Boyd, &c.

### APPEALS FROM BATH CIRCUIT COURT.

1. The fee bill for half commission, for levying the *fi. fa.*, suspended by the creditor's order, and so returned, is regulated by the *7th article, chapter* 38, *Revised Statutes,* 1 *Stanton,* 522. But the fee bill for selling the land under *venditioni exponas,* after act of February 4, 1865 (*Myers' Sup.,* 468), is regulated by that act.

2. There being only one levy and one sale, the sheriff was entitled to no more than if the sale had been under the *fi. fa.*, instead of the *vend. ex.* The levy and sale constituted but one entire official act; and as there could have been no sale without a levy, the sheriff had no right to charge for each of these constituent acts; and, consequently, if he charged full commission on the sale under the *vend. ex.*, he had no right to charge half commission for the levy of the *fi. fa.*, suspended by plaintiff's order.

3. The sheriff's right to full commission on the sale is not affected by the creditor's subsequent quashal of the sale directed by himself.

NESBITT & GUDGELL,                                    For Appellant,

CITED—

*Rev. Stat., sec.* 5, *art.* 18, *chap.* 38, 1 *Stant.,* 529.

*Rev. Stat., Myers' Supplement,* 468.

TURNER & CORNELISON,                              On same side,

CITED—

*Session Acts,* 1865, *page* 25.

*Rev. Stat., art.* 7, *chap.* 38, 1 *Stant.,* 522.

*Morehead & Brown's Digest, vol.* 1, 691.

D. HARPER,                                          For Appellees.

Boyd, &c., vs. Harper.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The fee bill for half commission for levying the *fi. fa.*, suspended by the creditor's order, and so returned, is regulated by the *7th article of chapter* 38, *volume* 1, *Stanton's Digest*, 522. That fee bill is, therefore, accurate as to amount.

But the fee bill for selling the land, under *vend. ex.*, after the act of February 4th, 1865, went into operation, is regulated by that act. The fee bill, as presented, for selling the land previously levied on, is, therefore, not too high, being at the rate prescribed by the latter enactment. (*Myers' Sup.*, 468.)

But, there being only one levy and one sale, the sheriff was entitled to no more than if the sale had been under the *fi. fa.*, instead of the *vend. ex.* The levy and sale constituted but one entire official act; and, as there could have been no sale without a levy, the sheriff had no right to charge for each of those constituent acts. The sheriff's right to full commission on the sale is not affected by the creditor's subsequent quashal of the sale directed by himself. Consequently, the circuit court properly quashed the fee bill for half commission for the levy, and properly overruled the motion to quash the fee bill for full commission for the sale.

And, therefore, as both parties appealed, the judgment is affirmed on each appeal, without costs or damages.